PETER LISEC GLASTECHNISCHE INDUSTRIE GMBH et al., Respondents, v LENHARDT MASCHINENBAU GMBH et al., Appellants, et al., Defendant.

First Department, December 31, 1991

### APPEARANCES OF COUNSEL

*Douglas V. Rigler* of counsel *(Kaplan Russin & Vecchi,* and *Walter, Conston, Alexander & Green, P. C.,* attorneys), for respondents.

*Samuel B. Mayer* of counsel *(Toren, McGeady & Associates, P. C.,* attorneys), for appellants.

### OPINION OF THE COURT

KUPFERMAN, J.

The parties, plaintiff Austrian corporation and its principal and defendant German corporation, its principal and a Maryland-based subsidiary, are competitors in the manufacture and sale of insulating glass manufacturing systems. In 1988, they entered into an agreement for the purpose of settling a civil action in Federal court in Maryland, a West German action for patent infringement and three separate Austrian patent oppositions. The agreement specifies that any disputes thereunder are to be resolved pursuant to New York law.

In this action, plaintiffs allege a breach of the settlement agreement and seek to enjoin defendants from manufacturing, using, selling or offering to sell any insulated glass manufacturing system which utilizes a single sealing nozzle system in violation of the agreement. Service of process on the German corporation and its principal was effected in Germany on October 12, 1990 pursuant to the provisions of The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS 6638, reprinted in 28 USCA following Fed Rules Civ Pro, rule 4 [1991 Supp Pamph, at 142]; *see,* Reisenfeld, *Service of United States Process Abroad: A Practical Guide to Service*

*Under the Hague Service Convention and the Federal Rules of Civil Procedure,* 24 Intl Lawyer [Spring 1990] 5). The Maryland subsidiary has not been served and, according to defendants, is no longer in existence.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction and, in the alternative, pursuant to CPLR 327 on the ground of forum non conveniens. In support of defendants' motion, Karl Lenhardt, the individual defendant and president of the German corporation, denied any transaction of business in New York and stated that the alleged breach of contract does not arise from the transaction of any business in New York by him or his corporation.

In opposition, plaintiffs submitted the affidavit of its attorney and two exhibits, an undated listing indicating East Northport, New York, as the location for some of defendant's machinery and a 1989 price quotation for the sale and installation of one of defendant's systems by a Maryland parts supply company to a Syracuse glass company.

In reply, defendants' managing director in charge of commercial operations explained that the machine located in East Northport had been sold by a predecessor entity through an independent agency in 1974 and had been resold to a third party in 1979; that there has been no such machine at the East Northport location since 1979; and, that the bid solicitation from a nonparty located in Maryland to a nonparty located in Syracuse resulted in no sale of defendants' equipment.

Based upon the foregoing, there is no support in the record for the IAS court's finding that defendants have an installation in New York and have made sales here. While, based upon the facts of a particular case, a choice of law clause might be considered relevant in determining whether a nondomiciliary transacted business in this State *(see, e.g., Cutco Indus. v Naughton,* 806 F2d 361, 367), absent more, it is insufficient to warrant a finding of long-arm jurisdiction pursuant to CPLR 302 (a) (1). "Under this provision, it is the activities of defendant with respect to the specific contract at issue which determine whether defendant is subject to jurisdiction." *(Pacamor Bearings v Molon Motors & Coil,* 102 AD2d 355, 356.) "Essential to the maintenance of a suit against a nondomiciliary under CPLR 302 (subd [a], par 1) is the existence of some articulable nexus between the business trans-

acted and the cause of action sued upon" *(McGowan v Smith,* 52 NY2d 268, 272). Thus, even if there were more factual support for the alleged contacts of defendants with New York, absent a showing that such contacts were related to plaintiffs' present claim of breach of the settlement agreement, no finding of personal jurisdiction would be warranted.

In light of the foregoing, it is unnecessary to reach the issue of forum non conveniens, although dismissal on that ground is clearly indicated.

Accordingly, the order of the Supreme Court, New York County (Carol H. Arber, J.), entered April 9, 1991, which denied defendants' motion to dismiss the complaint, pursuant to CPLR 3211 (a) (8), for lack of personal jurisdiction and, pursuant to CPLR 327, on the ground of forum non conveniens, should be reversed, on the law, and defendants' motion should be granted and the complaint dismissed, with costs.

CARRO, J. P., ROSENBERGER, ROSS and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on April 9, 1991, is reversed, on the law, defendants' motion to dismiss the complaint for lack of personal jurisdiction and on the ground of forum non conveniens is granted, and the complaint is dismissed, with costs.