*39 OPINION OF THE COURT
Herman Cahn, J.
Defendant Cassa di Risparmio di Torino (CRT) moves for an order pursuant to CPLR 327 (a) dismissing the complaint of plaintiff P.T. Delami Garment Industries (P.T. Delami), as assignee of P.T. Loka Jaya, on the ground of forum non conveniens.
Plaintiff cross-moves for an order pursuant to CPLR 3215, holding defendant in default should defendant fail to answer the verified complaint within 10 days after service of notice of entry of the order herein.
The above-entitled action is for the sum of $62,530, based on the breach of a letter of credit agreement (the Letter of Credit) and unjust enrichment. CRT is a bank organized under the laws of Italy, with its principal place of business in Torino, Italy. CRT has a New York branch which operates under the New York State banking laws and is licensed to do business in the State of New York. P.T. Delami is a private corporation organized and existing under the laws of Indonesia. It maintains its principal office in Bandung, Indonesia.
On March 18, 1992, CRT, an issuing bank, opened a Letter of Credit for Space 2000, SPA, an Italian company with headquarters in Italy, as applicant, and P.T. Loka Jaya, a company located in Indonesia, as beneficiary, in the amount of $83,006.30. The complaint alleges that on June 26, 1992, P.T. Loka Jaya assigned to P.T. Delami all of its right, title and interest to the Letter of Credit.
Thereafter, on three separate occasions, P.T. Delami presented documents for payment to CRT, and demanded payment of various amounts. It is alleged that CRT refused the documents presented by P.T. Delami and refused to make any payments to Standard Chartered Bank, as plaintiff’s advising bank, located in Indonesia.
As noted by CRT, letters of credit are often used in transactions involving the sale of goods. The purchaser will apply for a letter of credit at a bank, referred to as the issuing bank, and designates a beneficiary, usually the seller. Once the goods are shipped, the beneficiary tenders the documentation designated in the letter of credit to an advising or confirming bank which then sends the documents to the issuing bank. If the issuing bank is satisfied that the terms of the letter of credit have been met, it authorizes payment to the beneficiary.
It is well settled that New York courts "need not entertain *40 causes of action lacking a substantial nexus with New York” (Martin v Mieth, 35 NY2d 414, 418). CPLR 327 permits a court to dismiss an action which does not have any substantial connection with the State of New York, even though such action has a proper jurisdictional basis (see, Islamic Republic of Iran v Pahlavi, 62 NY2d 474; Mollendo Equip. Co. v Sekisan Trading Co., 56 AD2d 750, affd 43 NY2d 916; Manaster v Northstar Tours, 193 AD2d 651; Avins v Weeks, 78 AD2d 800).
In determining an application for dismissal based on forum non conveniens, the court must consider and balance a variety of factors (National Bank & Trust Co. v Banco De Vizcaya, 72 NY2d 1005, 1007, cert denied 489 US 1067), including situs of the transaction out of which the litigation arose, the residence of the parties, the potential hardship to the defendant, the burden on New York courts, the availability of an alternative forum (Islamic Republic of Iran v Pahlavi, 62 NY2d, supra, at 479), and the location of a majority of the witnesses (Evdokias v Oppenheimer, 123 AD2d 598; see also, Meritum Corp. v Lawyers Tit. Ins. Co., 88 AD2d 828, affd 57 NY2d 765).
Plaintiff bases its argument that New York is the appropriate forum upon, inter alia, the fact that there is a jurisdictional basis for the case to be heard in New York. However, as previously noted, the mere fact that a jurisdictional basis exists is not dispositive of which forum should hear the action. (Islamic Republic of Iran v Pahlavi, supra.)
Plaintiff further points to the fact that the Letter of Credit was payable in United States dollars and provided that the proceeds of the Letter of Credit were to be remitted to "Standard Chartered Bank at 160 Water Street, New York, New York 10038 USA.”
The language of the Letter of Credit provided, inter alia, "instructions to the bank: upon receipt conform documents PRESENTED AT OUR COUNTERS, WE SHALL REMIT YOUR PROCEEDS AS PER YOUR INSTRUCTIONS THROUGH YOUR U.S. CORRESPONDENT bank.” Standard Chartered Bank’s correspondent bank in New York was the "U. S. Correspondent Bank” referred to in the above provision. P.T. Delami argues, inter alia, that the presence of the correspondent bank in New York and the fact that payment was to be made in New York provides a sufficient nexus to New York. The court has considered P.T. Delami’s contentions, including those not specifically addressed here, and concludes that a New York connection is, *41 at best, only marginal and that this contact does not make New York a convenient forum (see, e.g., Silver v Great Am. Ins. Co., 29 NY2d 356).
Upon balancing the appropriate factors, CRT has sustained its burden of showing that the ends of justice and the convenience of the parties will best be served if the action is heard in Italy. P.T. Delami does not dispute that the documents were presented for payment to Standard Chartered Bank in Indonesia and were refused in Italy, which refusal was transmitted to Standard Chartered Bank in Indonesia. Further, a number of additional factors militate in favor of changing the forum of this action. First, neither plaintiff nor its assignor is a New York resident. Second, this action concerns a Letter of Credit opened by CRT’s office in Torino, Italy, for an Italian applicant. Third, it appears that any potential witnesses are located in either Italy or Indonesia. Fourth, Italy is a logical alternative forum since the witnesses and documents are available in Italy. Fifth, it is arguable that the law of Italy applies here.
In light of the above, the court need not address plaintiffs remaining arguments regarding its alleged entitlement to judgment by default.
Accordingly, defendant’s motion is granted. Plaintiffs cross motion is denied.