[649 NYS2d 689]

WORLD POINT TRADING PTE., LTD., Respondent, v CREDITO ITALIANO, Appellant.

P.T. DELAMI GARMENT INDUSTRIES, as Assignee of P.T. LOKA JAYA, Appellant, v CASSA DI RISPARMIO DI TORINO, Respondent.

First Department, November 19, 1996

154

**APPEARANCES OF COUNSEL**

*Richard L. Mattiaccio* and *Debra J. Guzov* of counsel, New York City *(David A. Botwinik* on the brief; *Pavia & Harcourt,* attorneys), for Credito Italiano, appellant, and Cassa di Risparmio di Torino, respondent.

*Alan M. Swiedler* for World Point Trading PTE., Ltd., respondent, and P.T. Delami Garment Industries, appellant.

## OPINION OF THE COURT

RUBIN, J.

These two actions, consolidated for disposition because of the similarity of issues, involve the application of the doctrine of forum non conveniens. In both cases, jurisdiction is predicated on the New York domicile of a bank that issued a letter of credit in connection with an international commercial transaction. In each case, the respective plaintiff's opposition to the forum non conveniens motion is based on the issuing bank's unconditional promise to pay the negotiating bank, which promise is required by the terms of the letter of credit to be performed in New York.

### WORLD POINT TRADING PTE. V CREDITO ITALIANO

From what can be discerned of the facts surrounding the underlying commercial transaction, it appears that an Italian company, Pol Scarpe Sportive, applied for a letter of credit to finance the purchase of shoes from a Singapore corporation, World Point Trading PTE., Ltd. An irrevocable letter of credit was issued by defendant Credito Italiano for a total amount of $237,007.50. It instructs the confirming bank, Staco International Finance Ltd., based in Hong Kong, to seek reimbursement from the Bank of New York, in New York City, for all payments made to plaintiff World Point Trading. The record contains a series of seven documents entitled "Schedule of Remittance" which contain the instruction, "When paid, please authorise [sic] us by your tested telex to claim reimbursement on Bank of New York, New York." The documents also state, "At the request of the L/C beneficiary, we presented the documents to you on a collection basis."

While the meaning of the latter instruction is not disclosed by the papers, there is a dispute regarding whether the documents received at the confirming bank in Hong Kong were in order. The affidavit of plaintiff's attorney, submitted in reply to the motion to dismiss, indicates that the documents presented for payment "were refused for good cause in Italy, and the refusal was transmitted to Staco in Hong Kong." In any event, no payment has been made to plaintiff under the letter of credit, and the underlying commercial transaction is the subject of a lawsuit between plaintiff and Pol Scarpe Sportive in Italy.

Plaintiff filed the complaint in this action on May 6, 1994 seeking recovery of $148,211.40 based upon, *inter alia*, a claim for breach of contract. It is plaintiff's theory that "the acts of

the defendant in refusing the documents duly presented by the plaintiff and in refusing to pay to the plaintiff the combined amount of the seven (7) separate drawings [the remittances presented by Staco International Finance Ltd.], constitute a direct and wilful breach and violation of its contractual obligations to the plaintiff, as more fully set forth in the letter of credit and UCP No. 400." (The last reference is to the Uniform Customs and Practices for Documentary Credits.)

On June 6, 1994, Credito Italiano moved to dismiss the complaint against it on the ground of forum non conveniens. The bank's moving papers contend that there is no nexus between the dispute and this State because all relevant documents and material witnesses were located elsewhere and because all relevant events occurred outside this jurisdiction.

In its memorandum decision, Supreme Court cited a number of considerations in support of its denial of defendant's motion: First, Banking Law § 200-b (2) (e) provides World Point Trading, a foreign corporation, standing to maintain its action in New York against Credito Italiano, a foreign bank doing business in New York. Second, New York is stated to be an appropriate choice of forum in view of "the role of New York banks in the payments to be made under the letter of credit", and Credito Italiano's "attempt to frame this action as one completely devoid of any connection to New York is amply rebutted by [World Point Trading's] documentary showing of seven requests of payment through a New York bank" (163 Misc 2d 917, 919). Lastly, the absence of any choice of law issue militates in favor of assuming jurisdiction over the matter. Supreme Court rejected Credito Italiano's "claim of inconvenience" (supra, at 919) for its employee witnesses in Italy as a factor to be considered in deciding a forum non conveniens motion and concluded that although none of these factors, standing alone, warrants retention of this action, in combination they comprise a sufficient basis (supra, at 919, citing Peter Lisec Glastechnische Industrie GmbH v Lenhardt Maschinenbau GmbH, 173 AD2d 70).

On this appeal, defendant argues that the nature of its reimbursement arrangement with Staco International Finance Ltd. is "totally unrelated" to any contractual obligation it might owe to World Point Trading. The bank notes that the acquisition of personal jurisdiction does not serve to render the forum convenient. It takes issue with Supreme Court's conclusion that there is no choice of law issue. And, finally, it contends that the location of witnesses and documents bearing

on the dispute is a material factor to be considered in deciding the convenience of the forum.

### P.T. DELAMI GARMENT INDUS. V CASSA DI RISPARMIO DI TORINO

Cassa di Risparmio di Torino, an Italian bank that maintains a branch office in New York, issued a letter of credit for approximately $83,000 to Space 2000, an Italian company. It appears that the letter of credit was obtained in connection with its purchase of embroidered jackets from an Indonesian concern, and it names as beneficiary P.T. Loka Jaya, plaintiff P.T. Delami's predecessor in interest. The Standard Chartered Bank, located in Bandung, Indonesia, served as the confirming bank in the transaction. The letter of credit contains specific instructions for reimbursement: "Upon receipt conform *[sic]* documents presented at our counters, we shall remit you proceeds as per your instructions through your U.S. correspondent bank".

In October 1992, the Standard Chartered Bank presented documents to defendant in Italy for payment under the terms of its letter of credit. Instructions for payment were included: "Remit proceeds by telex to Standard Chartered Bank, 160 Water Street New York, NY * * * and at the same time, please advise us the date of our remittance/credit by direct/tested telex".

Following defendant Cassa di Risparmio di Torino's refusal to pay, plaintiff instituted this action against it seeking to recover $62,530.30 for, *inter alia*, breach of contract and unjust enrichment. Defendant thereafter interposed a motion to dismiss the complaint on the ground of forum non conveniens. In its supporting papers, defendant Cassa di Risparmio di Torino (CRT) asserts that no one in its New York office knew about the letter of credit, that two particular witnesses in Italy have personal knowledge of the letter and that all of its documents relating to the transaction are located there.

In granting the motion, Supreme Court enumerated the following factors: (1) the site of the transaction out of which the dispute arose; (2) the residence of the parties; (3) the potential hardship to defendant; (4) the burden on New York courts; (5) the availability of an alternative forum; and (6) the location of the majority of witnesses. The court rejected plaintiff's contention that New York is an appropriate forum merely because there is a jurisdictional basis upon which the dispute might be heard. Supreme Court stated: "Upon balancing the appropriate factors, CRT has sustained its burden of showing that the

ends of justice and the convenience of the parties will best be served if the action is heard in Italy. P.T. Delami does not dispute that the documents were presented for payment to Standard Chartered Bank in Indonesia and were refused in Italy, which refusal was transmitted to Standard Chartered Bank in Indonesia. Further, a number of additional factors militate in favor of changing the forum of this action. First, neither plaintiff nor its assignor is a New York resident. Second, this action concerns a Letter of Credit opened by CRT's office in Torino, Italy, for an Italian applicant. Third, it appears that any potential witnesses are located in either Italy or Indonesia. Fourth, Italy is a logical alternative forum since the witnesses and documents are available in Italy. Fifth, it is arguable that the law of Italy applies here." (164 Misc 2d 38, 41.)

On appeal, P.T. Delami asserts that the court erred in a number of respects: Primarily, it contends that CRT's failure to reimburse the confirming bank in New York rendered this State the situs of repudiation of the letter of credit. It contests Supreme Court's consideration of the location of CRT's witnesses, documents and the residence of the parties, and complains that the court placed undue emphasis on the issuance of the letter of credit in Italy. It argues that CRT failed to establish that there is a more convenient forum in which the dispute might be heard and that the court incorrectly determined that there is no choice of law issue. It concludes that New York has a strong interest in entertaining this action because the omission asserted to constitute a breach of contract was to be performed here.

### FORUM NON CONVENIENS

An action, properly subject to jurisdiction in the courts of this State, may nevertheless be dismissed if a court determines that, "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]; *Islamic Republic v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108). "The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation" (62 NY2d, *supra*, at 479; *Yoshida Print. Co. v Aiba*, 213 AD2d 275). "Among the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit" (*Islamic Republic v Pahlavi, supra*, at 479). The

court may also take cognizance of the nonresidency of the parties and the foreign situs of the transaction out of which the action arose (*supra*, at 479). The determination rests within the exercise of the court's sound discretion (*supra,* at 479). Therefore, the standard of review is whether the court abused its discretion in deciding the forum non conveniens motion (*see, Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 73).

■ Defendant Credito Italiano contends, as it did in its moving papers, that plaintiff World Point Trading lacks standing to prosecute its action for breach of contract. In deciding if the courts of this jurisdiction are a convenient forum in which to entertain a contract action, it is not sufficient to determine merely if the performance of a contractual obligation is to take place in this State. Especially in financial dealings that are merely ancillary to the underlying commercial transaction, it is important to ascertain to whom the financial obligation is owed and to assess whether the plaintiff has a sufficient interest in its fulfillment in order to maintain an action for its breach.

In *World Point Trading PTE. v Credito Italiano (supra)*, Supreme Court held that Banking Law § 200-b (2) permits an action to be maintained "against a foreign banking corporation * * * by [a] * * * foreign banking corporation or by a non-resident * * * (e) where the defendant is a foreign banking corporation doing business in this state." While the statute is dispositive of plaintiff's ability to maintain an action in general, inquiry does not end there. The operative question is whether plaintiff has standing to sue for the breach at issue and, therefore, grounds for maintaining this action.

The letter of credit issued by defendant Credito Italiano contains an instruction directed to Staco International Finance Ltd., the confirming bank in the transaction: "For the sum paid by you * * * please reimburse yourselves through Bank of New York-New York". On its face, the instrument suggests that the obligation to "reimburse" runs in favor of the confirming bank and that payment by Staco International Finance Ltd. is contemplated as a condition precedent to that obligation. No payment has been received by plaintiff, and there is merit to defendant's position that (1) the obligation has not arisen, and (2) even if it had, plaintiff is not the beneficiary of defendant's obligation to make payment. Therefore, while plaintiff might have standing in the abstract by virtue of Banking Law § 200-b (2) (e), it does not automatically follow that it has standing to sue for the asserted breach of a contractual obligation that defendant owes to the confirming bank.

*Zeevi & Sons v Grindlays Bank* (37 NY2d 220, *cert denied* 423 US 866), on which plaintiff relies, does not stand for the broad proposition that the beneficiary has standing to sue the issuer of a letter of credit by virtue of its guarantee of payment to a negotiating bank in New York. In the *Zeevi* case, Grindlays Bank, located in Uganda, guaranteed payment of certain drafts naming, as beneficiary, an Israeli partnership and authorizing the negotiating bank to obtain reimbursement from Grindlays' account at Citibank, in New York City. As the result of a decree by the Ministry of Finance in Uganda cancelling foreign exchange allocations in favor of Israeli companies, Grindlays Bank instructed Citibank not to make payment under the letter of credit. When the negotiating bank (Chemical Bank) presented 10 drafts for reimbursement, Citibank refused payment.

While facially similar in its facts, both the nature of the action and the issue presented to the Court of Appeals are distinguishable from those raised by this matter. In *Zeevi (supra)*, the gravamen of the bank's defense was the lack of any basis rendering it amenable to suit in New York. The Court of Appeals, in upholding jurisdiction pursuant to Banking Law § 200-b (2) (c), requiring that the cause of action *arise* in New York, ruled that the Ugandan bank was guilty of an anticipatory breach of its obligations under the letter of credit and that "New York was the locus of repudiation" of the instrument (*Zeevi & Sons v Grindlays Bank, supra*, at 226). It emphasized that the "defendant's order countermanding payment by cable and letter took effect upon receipt by Citibank in New York and then gave rise to a cause of action here" (*supra*, at 226, citing *Gonzalez v Industrial Bank*, 12 NY2d 33, 38). By contrast, the case on appeal involves neither a challenge to jurisdiction nor repudiation of the underlying contractual obligation, but simply the dishonor of documents presented for payment according to the terms of the letter of credit. Furthermore, the situs of presentment in this case is Hong Kong and not, as plaintiff represents, New York. *Zeevi (supra)* therefore has little relevance to this matter.

Even granting, for argument's sake, that World Point Trading could establish standing to sue, plaintiff has nevertheless failed to demonstrate that the nexus between the dispute and this State is sufficient to render it a convenient forum (*P.T. Delami Garment Indus. v Cassa di Risparmio di Torino*, 164 Misc 2d 38, *supra* [suit predicated on New York situs of issuer's correspondent bank dismissed]). Among the factors that

militate against retaining suit in New York are the foreign residence of the pertinent parties, the foreign locus of the asserted breach, the pendency of an action in Italy and the burden the litigation would impose on the courts of this State because of the multiplicity of actions.

Contrary to Supreme Court's interpretation, availability of witnesses is a consideration in deciding a forum non conveniens motion (*see, Evdokias v Oppenheimer,* 123 AD2d 598). Credito Italiano's affidavit in opposition names two individuals in Italy who have personal knowledge of the letter of credit (as opposed to no United States personnel) and contends that some relevant documents are located there. This assertion is opposed only by plaintiff's allegation that all necessary documents are located in New York and that the testimony is immaterial because "the documents will speak for themselves".

The significance of the action pending before the Italian courts is not limited to the obvious availability of another forum. It presents the attendant risk that conflicting rulings might be issued by courts of two jurisdictions. It involves duplication of effort to the extent that the defective performance of the underlying commercial transaction is responsible for the failure to honor the documents submitted for payment under the letter of credit. Finally, it appears that the resolution of the underlying dispute necessarily implicates the application of foreign law.

Plaintiff's standing to sue for the asserted breach of contract has not been well established, and the connection of this action to New York is tenuous, at best. There is an action pending in Italy in which plaintiff's claim may appropriately be interposed. Under these circumstances, bearing in mind the flexibility of the forum non conveniens rule and the latitude afforded to a court in deciding the motion, we nevertheless conclude that Supreme Court improvidently exercised its discretion in retaining this action.

In *P.T. Delami Garment Indus. v Cassa di Risparmio di Torino,* plaintiff advances essentially identical arguments that are similarly devoid of merit. Most significantly, P.T. Delami, like World Point, mischaracterizes the letter of credit by claiming that its reimbursement arrangement creates "a clear and binding obligation on the part of CRT to pay P.T. Delami in New York through P.T. Delami's remitting bank." The letter of credit issued in connection with this transaction, however, even more plainly shows that the extent of the issuing bank's promise is to reimburse Standard Chartered Bank through its

United States correspondent bank at such time as the necessary documents are approved in Italy. In its assessment of the justice, fairness and convenience of the forum, Supreme Court balanced the various competing factors, which amply support the sound exercise of its discretion (*Islamic Republic v Pahlavi, supra*, at 479).

Accordingly, the order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered November 30, 1994, which denied defendant Credito Italiano's motion to dismiss the complaint of plaintiff World Point Trading PTE., Ltd. on the ground of forum non conveniens, should be reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant Credito Italiano dismissing the complaint.

The order and judgment (one paper) of Supreme Court, New York County (Herman Cahn, J.), entered March 6, 1995, which granted defendant Cassa di Risparmio di Torino's motion to dismiss the complaint on the ground of forum non conveniens, should be affirmed, with costs.

MURPHY, P. J., SULLIVAN, ROSS and WILLIAMS, JJ., concur.

Order, Supreme Court, New York County, entered November 30, 1994, reversed, on the law, without costs, the motion granted, and the complaint dismissed; order and judgment (one paper) Supreme Court, New York County, entered March 6, 1995, affirmed, with costs.