| **Kraemer v Edelstein** |
|:---:|
| 2025 NY Slip Op 30623(U) |
| February 24, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153243/2024 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. ARIEL D. CHESLER | PART | 62M |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------------X

THOMAS D KRAEMER,

Plaintiff,

- v -

FLORENCE EDELSTEIN, MICHAEL EDELSTEIN, MAJESTIC REALTY CORPORATION, CHRISTOPHER DUVAL, LISA SPITALE, & THE CITY OF NEW YORK,

Defendant.

-----------------------------------------------------------------------X

| INDEX NO. | 153243/2024 |
|---|---|
| MOTION DATE | N/A, 08/15/2024, N/A, 11/14/2024, 01/17/2025, N/A |
| MOTION SEQ. NO. | 001 002 003 004 005 006 |

## DECISION + ORDER ON MOTION

## BACKGROUND

Between 2014 and 2015, plaintiff was involved in a Housing Court proceeding with his landlord, Majestic Realty Corp. and his landlords the Edelstein defendants. Ultimately, in 2015 he was evicted from his apartment.

In a series of lawsuits filed in the Southern District by plaintiff between 2014 and 2019, he alleged various claims against, among others, the Edelstein defendants, Majestic Realty Corporation, the New York City Department of Housing, Preservation, and Development (HPD), the New York State Division of Housing and Community Renewal (DHCR), the Housing Court Judge who presided over the eviction proceedings, and the city marshal who carried out the eviction.[1]

---

[1] See Kraemer v. Edelstein, No. 14-CV-3804 (LAP), 2014 U.S. Dist. LEXIS 197733 (S.D.N.Y. June 9, 2014); Kraemer v. Fontno, No. 14-CV-9343 (LAP), 2015 U.S. Dist. LEXIS 190013 (S.D.N.Y. Mar. 18, 2015); Kraemer v. Fontno, No. 15-CV-1755 (PKC), 2015 U.S. Dist. LEXIS 190014 (S.D.N.Y. Apr. 1,

---

**153243/2024  KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No.  001 002 003 004 005 006**

**Page 1 of 12**

[* 1]

As noted by Judge Loretta A. Preska in her 2014 decision, the "The gravamen of this complaint is that Defendants have negligently responded to Plaintiff's efforts to remedy the condition of his apartment" which had made been uninhabitable by mites. However, in other subsequent suits, plaintiff alleged that the landlord purposely pumped poison fumes into his apartment and also that HPD, the Housing Court Judge, and the marshal had failed to carry out their duties, committed fraud and/or engaged in other unlawful behavior.

In one of the suits, Plaintiff alleged "that unnamed individuals drugged his daughter to prevent her from providing testimony, while also coercing her to testify; that unnamed individuals kidnapped his daughter to force him to stop pursuing an appeal; and that his 'daughter was overdosed twice on appeal. And twice while in captivity until she convulsed causing permanent mental impairment.'" He further alleged "that there is far-reaching conspiracy to tamper with his lawsuits that began after he discovered, approximately 17 years ago, that his daughter was being abused." Plaintiff asserted that his daughter was severely abused by individuals in Pennsylvania.

Judge Preska dismissed plaintiff's various filings on numerous grounds, including lack of subject matter jurisdiction, failure to state a claim, and immunity. In her 2017 decision (see *Kraemer v. Edelstein et al.*, No. 17-CV-2910 [LAP][S.D.N.Y. Sep. 19, 2017]), she also dismissed claims against defendant Florence Edelstein on the grounds of res judicata since virtually identical claims had been raised in earlier actions. To the extent plaintiff had pleaded state law claims, Judge Preska declined to exercise supplemental jurisdiction over the same.

Moreover, in her 2017 decision, Judge Preska found:

---

2015); Kraemer v. Edelstein, No. 15-CV-9839 (LAP), 2016 U.S. Dist. LEXIS 190266 (S.D.N.Y. Jan. 26, 2016); Kraemer v. Edelstein et al., No. 17-CV-2910 [LAP], 2017 US Dist LEXIS 153504 [S.D.N.Y. Sep. 19, 2017]); Kraemer v Edelstein, 18-CV-9804 [LAP], 2018 U.S. Dist. LEXIS 185006 [SDNY October 25, 2018]); Kraemer v. City of New York, 19-CV-6671 [VEC], Not Reported in Fed. Supp., 2020 WL 1974204 [SDNY April 24, 2020]).

**153243/2024 KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No. 001 002 003 004 005 006**

**Page 2 of 12**

Plaintiff's filing history evinces a pattern of vexatious, duplicative, and nonmeritorious litigation. Plaintiff has filed multiple lawsuits that assert the same claims, concern the same defendants, and arise out of the same events. Plaintiff's submissions, which are dense, repetitive, and difficult to decipher, needlessly force the Court to expend considerable resources.

Accordingly, Judge Preska barred plaintiff from filing any new actions without leave of court. And, in fact in 2018, Judge Preska dismissed yet another action filed by plaintiff because he had not first sought leave of court (*see Kraemer v Edelstein*, 18-CV-9804 [LAP][SDNY October 25, 2018]).

However, in yet another action filed in the Southern District by Plaintiff in 2019, he alleged similar claims, and included Lisa Spitale and New York City as defendants. In an April 24, 2020 decision, Judge Valerie Caproni dismissed the action as frivolous, noting that it was time barred and barred by res judicata. Finally, the case was also dismissed because the Court found the allegations are "fanciful" and "factually frivolous, even when liberally construed." (*see Kraemer v. City of New York*, 19-CV-6671 [VEC], Not Reported in Fed. Supp., 2020 WL 1974204 [SDNY April 24, 2020]).

**THIS ACTION**

In April 2024, plaintiff filed a complaint in this action alleging a variety of purported causes of action, including, *inter alia*, Fraud on the Court, Subornation of perjury, offering a false instrument in the first degree, offenses against postal laws/use of mail to defraud, forgery, grand larceny in the first degree, destruction of government database records, forced labor/human trafficking, and organized assault. Plaintiff also filed motions in this action for a temporary restraining order and for default against Defendant-City of New York.

Defendants appeared in this action through their respective counsel and moved for dismissal of the complaint. For the reasons stated below, the Court dismisses this action in its

153243/2024  KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL
Motion No. 001 002 003 004 005 006

Page 3 of 12

3 of 12

[* 3]

entirety as the complaint filed by Plaintiff is utterly meritless. Further, based upon the vexatious nature of this specific Plaintiff the Court finds it necessary to enjoin Plaintiff from filing any other lawsuits against the above-named defendants and their counsel, absent leave of court.

## DISCUSSION

### I. Florence & Michael Edelstein

Defendants Florence and Michael Edelstein ("Edelstein Defendants") were former landlords to Plaintiff. In an earlier housing court proceeding, Plaintiff failed to appear and was duly evicted. Plaintiff alleges, from what the Court can discern from his pleadings, that the Edelstein Defendants colluded to commit fraud upon the Court and otherwise caused injury to Plaintiff by directing unknown associates to physically assault Plaintiff.

In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*Leon v. Martinez*, 84 NY2d 83 [1994]). Under this standard, the plaintiff has failed to state any cognizable claim.[2]

In the first instance, Plaintiff seeks to vindicate purported civil rights afforded to him under criminal statutes against the Edelstein Defendants. The law on this issue squarely demonstrates Plaintiff has no cause of action under the cited criminal statutes. (See generally, *52 W. Assoc., LLC v Louladakis*, 2020 NY Misc LEXIS 3241, at *8 [Sup Ct, NY County 2024]; see also, *Touche Ross & Co. v Redington*, 442 US 560 [1979][Federal criminal statutes generally do not give rise to a private cause of action absent an implication in the statute]; *Sheeh v Big Flats Community Day, Inc.*, 73 NY2d 629, 634 [NY 1989][Holding a criminal statute cannot give rise to a private cause

---

[2] The Court has accepted the Edelstein Defendants motion to dismiss and excuses any delay in its filing.

**153243/2024   KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**          **Page 4 of 12**
**Motion No.  001 002 003 004 005 006**

[* 4]

of action if same was not consistent with the "underlying legislative scheme."]).While it is true that there exists a private cause of action under 18 USC § 1961, that cause of action cannot be brought in State Courts as the Federal Courts have exclusive jurisdiction over such claims. (See s. *Simpson Elec. Corp. v. Leucadia, Inc.*, 128 AD2d 339 [2d Dept 1987], *aff'd on other grounds*, 72 N.Y.2d 450, 530 N.E.2d 860 [1988]).[3]

To the extent plaintiff makes other claims, the Court finds that, like his claims in various federal actions, his allegations here are "fanciful" and "factually frivolous, even when liberally construed." Accordingly, they fail to state any claim.

Regardless, this action must be dismissed against the Edelstein Defendants because every claim asserted against them is time-barred and otherwise defective due to improper service. Plaintiff alleges conduct that occurred in 2015-2018 against Defendants, and all of these claims are time-barred by the Statute of Limitations. (See CPLR §§ 214, 3211[5]). Further, to the extent these claims are predicated upon the same series of transactions and occurrences that formed the basis of a prior complaint previously brought by plaintiff (*see Pahmer v Touche Ross & Co*, 271 AD2d 371 [1st Dept 2000]) – i.e. the claims raised against the Edelstein defendants in the federal actions - they are dismissed on the ground of res judicata.

Based on the foregoing, the Court need not reach the issues relating to improper service and plaintiff's failure to seek permission from the guardianship court as it relates to the Edelstein Defendants. Accordingly, the claims raised against the Edelstein Defendants are **DISMISSED WITH PREJUDICE.**

---

[3] As to Plaintiff's claims that he has a private cause of action for violations of state and federal criminal laws, he may only do so under a negligence per se theory. Here, the Plaintiff cannot show negligence per se because he cannot show the legislature intended to create a private cause of action under the criminal statutes – same is not present in his complaint. (See generally, *52 W. Assoc., LLC v Louladakis*, 2020 NY Misc LEXIS 3241, at *8 [Sup Ct, NY County 2024]).

**153243/2024   KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No.  001 002 003 004 005 006**

Page 5 of 12

5 of 12

## II. Majestic Realty Corp

The claims against Majestic Realty Corp ("Majestic") are likewise time barred. The most recent allegations against Majestic are from 2018. All of these claims are time-barred under the Statute of limitations. (CPLR § 214).

Outside of being time barred, these claims are precluded as well by the doctrines of collateral estoppel and res judicata as the Plaintiff litigated the allegations against Defendant in both state and federal court. Nor do they state a cognizable cause of action.

Based on the foregoing, the Court need not reach the issue of improper service on Majestic Realty Corp raised in the motion.

Accordingly, Plaintiff's claims against Majestic are **DISMISSED WITH PREJUDICE**.

## III. Mr. Christopher Duval

Christopher Duval is an attorney who represented plaintiff's landlord Florence Edelstein in various housing court proceedings between 2013 and 2015. Plaintiff alleges multiple unactionable claims against Mr. Duval. Namely, he alleges violations of the Rules of Professional Conduct. However, the law is settled that a violation of the Professional Conduct Rules does not give right to a private cause of action. (*Rubinstein v Kriss & Feurstein*, 2013 NY Misc LEXIS 3126, at *7 [Sup Ct, NY County 2013] citing *Weintraub v Phillips, Nizer, Bejamin, Krim & Ballon*, 172 AD2d 254, 254 [1st Dept 1991][Holding "[a] violation of the Code of Professional Responsibility, as alleged by the plaintiff, does not, in itself, give rise to a private cause of action against an attorney or law firm."]).

Outside of failing to allege an actionable claim, Defendant Duval correctly points out that *even if* this Court were to read the claims against him as legal malpractice claims they would be equally meritless because there never existed an attorney-client relationship between him and plaintiff nor

**153243/2024   KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**          **Page 6 of 12**
**Motion No.  001 002 003 004 005 006**

[* 6]                                                    6 of 12

a narrow instance where an attorney owes a duty to a non-client. It is elementary that the existence of an attorney-client relationship is a necessary element of any legal malpractice claim. (*Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438 [2007]).

While Plaintiff does allege that Mr. Duval committed a "fraud on the court", CPLR § 3016(b) requires fraud to be plead in sufficient detail. A Plaintiff alleging fraud may not assert mere conclusory allegations of fraud but must allege with particularity actual knowledge of the allegedly fraudulent acts. (*High Tides, LLC v. DeMichele*, 88 A.D.3d 954, 957 [2d Dept 2011]) In a legal malpractice context, unsupported assertions that the defendant attorney committed fraud will not defeat a motion to dismiss the complaint. (*Carr v. Hayes*, 92 A.D.3d 534, 938 N.Y.S.2d 435 [2012]["[P]laintiff's unsupported assertions that all of the documentation regarding the sale of the home, submitted to the court below, was 'fraudulent,' 'false' and 'staged,' are insufficient to defeat the motion to dismiss plaintiff's claims for fraud, conversion and legal malpractice."]).

Moreover, as with the claims against the other defendants, these claims are also barred by either the three-year statute of limitations for legal malpractice, or the six-year statute of limitations for fraud (CPLR 214[6]; CPLR 214[8]). Accordingly, Plaintiff's claims against Christopher Duval are **DISMISSED WITH PREJUDICE.**

### IV.    *Ms. Lisa Spitale*

Plaintiff's cause of action against Ms. Spitale must be dismissed as this Court lacks personal jurisdiction of Defendant Spitale. The claims against Spitale, who is an attorney who lives and practices in Pennsylvania, stem from her role as the court-appointed guardian of Plaintiff's adult daughter, who is also a Pennsylvania resident. Plaintiff alleges that Spitale is involved in a child slave manufacturing business.

**153243/2024   KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**                    **Page 7 of 12**
**Motion No.  001 002 003 004 005 006**

7 of 12

The entirety of the transactions and occurrences between Plaintiff and Defendant Spitale (none of which appear to be legal causes of action) occurred in the commonwealth of Pennsylvania. Defendant Spitale does not do business in the state of New York. She does not reside in New York. In sum, she has no contacts with New York to support a finding this forum has personal jurisdiction over Defendant Spitale. Accordingly, the Court may not exercise personal jurisdiction over Spitale under any provision of CPLR § 302(a), and dismissal pursuant to CPLR § 3211(a)(8) is thus mandated. Further, because the situs of the alleged injury occurred in Pennsylvania–rather than New York–there is no jurisdiction under CPLR 302(a)(3) (i) and (ii).

"Generally, a nondomiciliary is subject to the jurisdiction of a New York court if it has purposefully transacted business within the State, and there is a 'substantial relationship' between this activity and the plaintiff's cause of action." (*Cornely v. Dynamic HVC Supply, LLC*, 44 AD3d 986, 986 [2d Dept. 2007] citing *Kreutter v. McFadden Oil Corp.*, 71 NY2d 460 [1988]). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (*Fischbarg v. Doucet*, 9 NY3d 375, 380 [2007]).

"Essential to the maintenance of a suit against a nondomiciliary under CPLR § 302 (subd.(a), par. 1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon." (*McGowan v. Smith*, 52 N.Y.2d 268, 271 [1981]). Even where there is factual support for a defendant's contacts with New York, "absent a showing that such contacts were related to [the present claims], no finding of personal jurisdiction would be warranted." *Peter Lisec Galstechnische Industrie GmbH v. Lenhardt Maschinenbau GmbH*, 173 AD2d 70, 73 [1st Dept1991]). Here, Plaintiff has clearly failed to demonstrate that this Court can exercise personal

**153243/2024   KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No.  001 002 003 004 005 006**

**Page 8 of 12**

[* 8]

8 of 12

NYSCEF DOC. NO. 365

jurisdiction over Defendant Spitale and thus his claims against Defendant Spitale are **DISSMISSED WITH PREJUDICE**.

### V.       *The City of New York*

Defendant City of New York argues the claims should be dismissed for various reasons. First, a Notice of Claim was not filed in this action. It is well settled that a notice of claim is a condition precedent to filing this action against the City (see GML § 50-e; *Davidson v Bronx Mun. Hosp.,* 64 NY2d 59 [1984]). The City of New York argues that notwithstanding defect in Notice of Claim, the claims are otherwise time barred as they were required to be raised within one year and ninety days of the alleged course of conduct that gave rise to the complaint. (See General Municipal Law § 50-i; CPLR § 217-a). This Court agrees as none of the causes of action occurred within the time frame set by the General Municipal Law. Specifically, the alleged conduct at issue occurred between 2013 and 2015 and this action was commenced in 2024.

Further, as with the claims against the other defendants, to the extent they can be comprehended, plaintiff's claims against the City are "fanciful" and "factually frivolous, even when liberally construed," and thus fail to set forth any cognizable claim. Because the complaint does not set forth any legal theory nor alleges facts in support of a legal theory it must be dismissed (*see Church of Jesus Christ of Latter-Day Sts. v Long Is. Jewish Med. Ctr.,* 213 AD3d 630 [2d Dept 2023]).

Moreover, to the extent these claims are predicated upon the same series of transactions and occurrences that formed the basis of a prior complaint previously brought by plaintiff in federal court they are dismissed on the ground of res judicata (*See Simmons v Trans Express Inc.,* 37 NY3d 107 [2021]).

**153243/2024   KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No.  001 002 003 004 005 006**

**Page 9 of 12**

9 of 12

[* 9]

Accordingly, the claims against the City of New York are **DISSMISSED WITH PREJUDICE**.

### VI. Plaintiff is Enjoined from Further Filings Against the Parties in this Action and their Counsel Absent Leave of this Court

"Public policy generally mandates free and open access to the courts … such right; however, is not unlimited and may be curtained in appropriate circumstances." (*Jordan v Yardeny*, 35 Misc3d 1214[A][Sup Ct, Queens County 2012] *aff'd* 117 AD3d 945 [2d Dept 2914]). Here, the Plaintiff has engaged in nothing short of a years-long meritless campaign of judicial abuse against the above-named Defendants. This conduct has included suing multiple attorneys representing adversaries; indeed, at oral arguments it was undisputed that during the pendency of these motion sequences Plaintiff brought action against the assigned corporation counsel requiring the City to have another attorney stand-in for arguments. Plaintiff has flagrantly engaged in forum shopping as is evident by his attempt to raise claims in various state and federal courts – all of which have been uniformly found to be meritless. Indeed, the Federal Court found it prudent to issue an identical order restraining Plaintiff's ability to file claims absent leave of Court. This Court agrees with our Federal counterpart and hereby enjoins Plaintiff from filing actions against any Defendants in this action or their counsel of record, absent leave of Court (*see Migadde v. Perm. Mission of Republic of Uganda to U.N.,* 224 A.D.3d 547, 547-48 [1st Dept 2024] [upholding trial court's dismissal of pro se plaintiff's summary judgment motion where made six motions for the same relief and failed to comply with court order to seek leave prior to filing any motion]; *Caesar v. HSBC Bank USA, NA,* 200 AD3d 842 [2d Dept. 2021][affirming "the Supreme Court's determination to enjoin the plaintiffs from commencing any further action that has any relation to this matter without prior leave of the court."]). Accordingly, Defendants requests for an order

**153243/2024   KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No.  001 002 003 004 005 006**

Page 10 of 12

10 of 12

enjoining future filing relating to this matter, these defendants, or their counsel absent leave of Court is **GRANTED**.

### VII.  *Plaintiff's Requests for a Temporary Restraining Order and Default Are Moot*

In light of the global dismissal of the complaint's alleged causes of action, this Court's determination on the Plaintiff's Temporary Restraining Order (TRO) and for Default are academic. Further, the Plaintiff would have failed in seeking a TRO because, as is evident herein, he had no chance at succeeding on the merits of these claims. (*Leonard Lang*, 1994 NYLJ LEXIS 3093, at *5 [Sup Ct, Suffolk County 1994]["The test for determining whether or not to grant a preliminary injunction and temporary restraining order is well settled. The movant must show a likelihood of ultimate success on the merits, that irreparable injury will result if the preliminary injunction and temporary restraining order are denied and that a balancing of the equities favors the movant."] citing *Family Affair Haircutters, Inc. v Detling*, 110 AD2d 745 [2d Dept 1985]).

As to default, the City offered a reasonable excuse and a meritorious defense sufficiently to resist default and to succeed in seeking to have their untimely Answer accepted (see CPLR 2004, 2005, 3012[d]; *Venezia v City of New York*, 280 AD2d 406 [1st Dept 2001]). Here, the Court does not reach this issue in light of its mooted nature, ***but*** it would have granted the City's request and denied Plaintiff's request for default in light of both this State's compelling policy to resolve issues on their merits and given the lack of prejudice to Plaintiff by permitting the filing of the Answer. Accordingly, Plaintiff's requests for a TRO and Default against the City are **DENIED**.

**CONCLUSION**

Plaintiff has come to this Court with nothing short of an unintelligible conspiracy theory – not a cause of action. Based on the foregoing, it is hereby:

**153243/2024  KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No.  001 002 003 004 005 006**

**Page 11 of 12**

11 of 12

**ORDERED**, that Plaintiff's Complaint (NYSCEF Doc. No. 2) is **DISMISSED WITH PREJUDICE IN ITS ENTIRETY**; and it is further

**ORDERED**, that Plaintiff is hereby **ENJOINED** from filing future actions in this forum against any of the above-named Defendants or their counsel absent leave of this Court; and it is further

**ORDERED**, that Plaintiff's requests for a Temporary Restraining Order and Default are **DENIED** as moot and otherwise meritless; and it is further

**ORDERED**, that the County Clerk is directed to enter Judgment in favor of Defendants.

THIS CONSTITUTES A DECISION AND ORDER OF THIS COURT ON MOTION SEQUENCES 001, 002, 003, 004, 005 AND 006, AND A DISPOSITION OF THIS ACTION.

HON. ARIEL D. CHESLER
J.S.C.

__2/24/2025__
DATE

_____
ARIEL D. CHESLER, J.S.C.

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [X] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**153243/2024  KRAEMER, THOMAS D vs. EDELSTEIN, FLORENCE ET AL**
**Motion No.  001 002 003 004 005 006**

Page 12 of 12

12 of 12