■ JAY FOX, Appellant, v CARMEN FUSCO, Respondent. [771 NYS2d 669]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 28, 2003, which denied plaintiff's motion for summary judgment and granted defendant's cross motion to the extent of dismissing the action on the ground of forum non conveniens on condition that defendant submits to the jurisdiction of the New Jersey court and waives the defense of statute of limitations, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of adding the further condition that defendant, within 10 days of service of a copy of this order with notice of entry, post an undertaking or place in escrow with her attorney the amount of $100,000, pending resolution of this action in New Jersey, and otherwise affirmed, without costs.

Plaintiff, acting in his capacity as the executor of an estate probated in New Jersey, seeks restitution of a portion of funds he alleges was mistakenly distributed to defendant. The distribution was allegedly to have been governed, in part, by qualified domestic relations orders (QDROs) entered in Bergen County Superior Court.

Forum non conveniens is a rule whose flexibility is based on the facts and circumstances of each particular case (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Here, no great hardship for either party would be presented in trying this case in Bergen County, the locus of both the QDROs and the probate proceeding. Moreover, the need to apply foreign law is an appropriate concern on a forum non conveniens motion (*Brown v Dataw Is. Realty*, 151 AD2d 1044 [1989]); *see* Weinstein-Korn-Miller, NY Civ Prac ¶ 327.02). Plaintiff's claim and defendant's counterclaims raise

legal issues in which New Jersey has the greater interest, outweighing any nexus the matter has with New York (*Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972]). Under the unusual circumstances of this case, we impose the additional condition upon defendant as indicated. Concur—Nardelli, J.P., Mazzarelli, Saxe and Lerner, JJ.