OPINION OF THE COURT
Edgar G. Walker, J.
In this action, infant plaintiff, a resident of New Jersey and a student in the Fair Lawn Public Schools, seeks to recover for personal injuries he sustained while on an outing at defendant Happiness Is Camping, Inc.’s (hereinafter HIC) campground in New Jersey. The Fair Lawn Board of Education arranged the school outing. Defendant HIC commenced a third-party action against Fair Lawn Board of Education, seeking indemnification and/or contribution. The plaintiff is a New Jersey domiciliary who was injured in the state of New Jersey, on property owned by HIC, a charitable corporation domiciled in New York.
The motion of defendant HIC to dismiss, based upon forum non conveniens, is granted. CPLR 327 (a) states:
“When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action.”
Here, defendant alleges that the site of the accident as well as the residence of all of the potential witnesses, including other students, teachers and emergency responders, is in New Jersey. It is further alleged that, as a result of the accident, plaintiff initially received treatment for his injuries from providers located in New Jersey and it is undisputed that plaintiff himself, as well as Fair Lawn, is domiciled in New Jersey. Plaintiff has not identified a single witness, including himself, who does not reside in New Jersey or would be inconvenienced by having this case heard in New Jersey. (See Bewers v American Home Prods. Corp., 99 AD2d 949 [1984].) “Thus, ‘forum non conveniens relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties’.” (Economos v Zizikas, 18 AD3d 392, 393 [2005].)
Additionally, the need to apply foreign law is an appropriate concern on a forum non conveniens motion. (Fox v Fusco, 4 AD3d 313 [2004]; Brown v Dataw Is. Realty, 151 AD2d 1044 *242 [1989]; see Weinstein-Korn-Miller, NY Civ Prac ¶ 327.02.) Here defendants, Fair Lawn and HIC, argue that the application of the doctrine of charitable immunity, pursuant to New Jersey Statutes Annotated §§ 2A:53A-7 — 2A:53A-11, provides an alternate basis for dismissal of this action. Whether or not defendants are correct that New Jersey law requires the dismissal of this action, if, under a choice of law analysis, this court would have to apply New Jersey law, that would provide a further basis for dismissal pursuant to CPLR 327 (a).
In 2001, the First Department in Elson v Defren (283 AD2d 109, 115 [2001]) laid out a clear framework to analyze choice of law questions:
“In Babcock v Jackson (12 NY2d 473, 481), the Court of Appeals abandoned the traditional law of the place of the tort (lex loci delicti) approach to choice of law problems arising in tort and adopted a more flexible approach to give ‘controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation.’ Thus, Babcock has generated an ‘interest analysis’ rule that gives effect to the law of the jurisdiction having the greatest interest in resolving the particular issue involved. An evaluation of the ‘ “facts or contacts which . . . relate to the purpose of the particular law in conflict” ’ determines the greater interest. (Schultz v Boy Scouts, 65 NY2d 189, 197, quoting Miller v Miller, 22 NY2d 12, 16.) ‘Under this formulation, the significant contacts are, almost exclusively, the parties’ domiciles and the locus of the tort.’ (Id.)
“In weighing the various interests, New York courts distinguish between ‘conduct regulating’ and Toss allocating’ rules. ‘An immediate distinction was drawn between laws that regulate primary conduct (such as standards of care) and those that allocate losses after the tort occurs (such as vicarious liability rules).’ (Cooney v Osgood Mach., supra, 81 NY2d at 72.) If conduct regulating rules conflict, New York courts usually apply the law of the place where the tort occurred because that jurisdiction has the greatest interest in regulating behavior that takes place within its borders. (Id. at 74.) If loss allocating rules conflict, the three so-called Neumeier rules adopted in Neumeier v Kuehner (31 NY2d 121) *243 govern the choice of law analysis.”
The parties agree that the “third rule” articulated in Neumeier is controlling. In Neumeier, a domiciliary of Ontario, Canada, was killed when the automobile in which he was riding, owned and driven by a New York resident, collided with a train in Ontario. Ontario had a guest statute providing for defendant’s liability only in cases involving gross negligence. The primary question posed therein was whether in that action, brought by the Ontario passenger’s estate, Ontario law should be applied and the New York defendant be permitted to rely on its guest statute as a defense. Writing for the Court, Chief Judge Fuld, quoting from his prior concurrence in Tooker v Lopez (24 NY2d 569 [1969]), stated:
“The law to be applied is that of the jurisdiction where the accident happened unless it appears that ‘displacing [the] normally applicable rule will advance the relevant substantive law purposes’ of the jurisdictions involved. Certainly, ignoring Ontario’s policy requiring proof of gross negligence in a case which involves an Ontario-domiciled guest at the expense of a New Yorker does not further the substantive law purposes of New York. In point of fact, application of New York law would result in the exposure of this State’s domiciliaries to a greater liability than that imposed upon resident users of Ontario’s highways. Conversely, the failure to apply Ontario’s law would ‘impair’ — to cull from the rule set out above — ‘the smooth working of the multistate system [and] produce great uncertainty for litigants’ by sanctioning forum shopping and thereby allowing a party to select a forum which could give him a larger recovery than the court of his own domicile. In short, the plaintiff has failed to show that this State’s connection with the controversy was sufficient to justify displacing the rule of lex loci delictus.” (Neumeier, supra at 128-129.)
The instant case is indistinguishable from Neumeier. The State of New York has no interest in exposing its resident charitable corporations to lawsuits brought by New Jersey residents stemming from accidents occurring in New Jersey. The State of New Jersey clearly has an interest in encouraging out-of-state charities to provide services to its residents in New Jersey, granting them the same immunity provided to its own charities. There is simply no basis to sanction the forum shopping engaged *244 in by the plaintiff, providing him with a recovery he could not obtain in a court of his own domicile.
As the Court in Schultz noted, “the State of New Jersey is intimately interested in seeing that the parties’ associational interests are respected and its own loss-distributing rules are enforced so that the underlying policy, which is undoubtedly to encourage the growth of charitable work within its borders, is effectuated.” (Schultz, supra at 200.) Therefore, New Jersey law governing charitable immunity must be applied to this case. The court expresses no opinion as to whether application of that law requires dismissal as to either or both defendants. That decision is best left to the New Jersey courts.
Based upon the fact that the accident occurred in New Jersey, all relevant witnesses and documents concerning the accident are located in New Jersey, as well as the need to apply New Jersey law, this action is dismissed pursuant to CPLR 327. As such, the court does not reach defendant Fair Lawn’s argument that, as a nonresident, it is not subject to long-arm jurisdiction in New York pursuant to CPLR 302.