■ LINCOLN PAYNE, Appellant-Respondent, v JUMEIRAH HOSPITALITY & LEISURE (USA), INC., et al., Respondents-Appellants, and W.S. ATKINS CONSULTANTS LTD., Respondent-Respondent, et al., Defendants. [921 NYS2d 229]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 29, 2009, which, to the extent appealed from, granted defendants' motions only to the extent of dismissing the complaint on the ground of forum non conveniens, unanimously affirmed, without costs.

Plaintiff commenced this action for personal injuries sustained in an aquatic amusement park in Dubai. The motion court, presuming, without deciding jurisdiction (*see Bader & Bader v Ford*, 66 AD2d 642, 647 [1979], *lv dismissed* 48 NY2d 649 [1979]), providently exercised its discretion in dismissing the action on forum non conveniens grounds (*see* CPLR 327 [a]). The

action was properly dismissed, even though plaintiff may have no alternative forum (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 481 [1984], *cert denied* 469 US 1108 [1985]). Here, dismissal was warranted since the core team of consultants who performed services with respect to the amusement park were residents of Dubai or the United Kingdom (*see World Point Trading PTE. v Credito Italiano*, 225 AD2d 153, 160-161 [1996]), litigating the matter in New York would involve the applicability of foreign law (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 178 [2004]), and Dubai is the situs of the alleged injury, and presumably the place where plaintiff received initial medical treatment (*see Gillenson v Happiness Is Camping, Inc.*, 14 Misc 3d 240, 244 [2006]).

In view of the foregoing, we need not consider whether the court should have dismissed the action for lack of personal jurisdiction. Concur—Andrias, J.P., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 32514(U).]**