**Lincoln PAYNE, Plaintiff,**

v.

**JUMEIRAH HOSPITALITY & LEISURE (USA) INC., et al., Defendants.**

**No. 11 Civ. 3188.**

United States District Court, S.D. New York.

Aug. 23, 2011.

Denise Ava Rubin, Napoli Bern Ripka, LLP, New York, NY, for Plaintiff.

Lawrence Mentz, Kaplan, Massamillo & Andrews, L.L.C., New York, NY, John Matthew Conlon, Mayer Brown LLP, Washington, DC, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Lincoln Payne ("Payne") brought this action seeking damages for injuries he allegedly sustained during a ride in an aquatic amusement park in Dubai, United Arab Emirates, owned, managed and/or operated by defendants Dubai Holdings and Jumeirah Group and affiliated entities ("Jumeirah"), and designed,

constructed and inspected by defendants the Atkins Group ("Atkins") and affiliated entities. Payne asserts that he is a resident of California, that Jumeirah and Dubai Holdings are commercial entities based in Dubai doing business in New York through an affiliate; and that Atkins is a commercial entity based in London, England, and doing business in New York through an affiliate.

Payne previously filed an action in New York State Supreme Court, New York County, based on the same events against the same defendants. That court dismissed the case on forum non conveniens grounds and its ruling was affirmed on appeal by the Appellate Division, First Department. *See Payne v. Jumeirah Hospitality & Leisure (USA), Inc.*, 83 A.D.3d 518, 921 N.Y.S.2d 229 (1st Dep't 2011). A few weeks thereafter Payne filed the instant action in this Court.[1]

Upon a review of the complaint and the prior proceedings in this case, the Court concurs with the rulings of the state courts which considered the matter, and thus finds that dismissal on forum non conveniens grounds is warranted. The Court is persuaded that further proceedings in this forum would be unproductive and incompatible with judicial economy, and constitute an unnecessary waste of the parties' time and resources.

The injury that gave rise to this action occurred in Dubai and all other operative facts, witnesses and third parties, as well as pertinent documents, are located in Dubai and Great Britain—well beyond the reach of the Court's subpoena power for third-parties. There is no material connection of this action to this Court, other than that some affiliates of Jumeirah and

Atkins conduct some business in New York. *See generally In re Alcon S'holder Litig.*, 719 F.Supp.2d 263, 268–69 (S.D.N.Y.2010); *Do Rosario Veiga v. World Meteorological Org.*, 486 F.Supp.2d 297, 303 (S.D.N.Y.2007). Payne himself is not a resident of this District, which entitles his choice of forum to no special deference. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 71 (2d Cir.2001). Moreover, because this action was filed within weeks of the Appellate Division's dismissal of Payne's state court litigation based on essentially the same underlying events, it strongly suggests that forum shopping, as the state courts found, was a motivating consideration in Payne's proceeding here. *See id.* at 72.

The Court finds that the most convenient forums for this litigation are either Dubai or Great Britain, both which this Court has determined to be adequate alternative forums in other cases. *See, e.g., Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir.2003); *Zaveri v. E.F. Hutton & Co. Inc.*, No. 85 Civ. 3268, 1986 WL 4063, *2 (S.D.N.Y. Apr. 1, 1986). Based on these considerations, the Court is persuaded that the review of the relevant considerations, and the balancing of the public and private interest factors involved here, weigh heavily in favor of dismissal of this action on forum non conveniens grounds. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see also Piper Aircraft v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Dismissal will be conditioned upon defendants' agreement, which shall be communicated to the Court within ten days of the date of this Order, consenting to the

---

1. On August 1 and August 15, 2011 defendants filed separate motions to dismiss the action, asserting forum non conveniens and other grounds. The Court scheduled a con-ference with the parties on August 15, 2011 at which it informed them of its intent to dismiss the case sua sponte on this basis.

jurisdiction of the appropriate courts in Dubai and Great Britain for the litigation of this action, and to accept service of process if sued by Payne in either of those forums in connection with this action.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to dismiss the complaint of plaintiff Lincoln Payne ("Payne") in this action on forum non conveniens grounds; and it is further

**ORDERED** that within ten days of the date of this Order defendants submit to the Court a statement containing their agreement to consent to the jurisdiction of the appropriate courts of Dubai, United Arab Emirates and Great Britain for litigation of this matter, and to accept service of process if sued by Payne in either of those forums in connection with this action.

The Clerk of Court is directed to terminate any pending motions and close this case.

**SO ORDERED.**