**VIP ENGINEERING AND MARKETING, LTD.,**
Plaintiff,

v.

**STANDARD CHARTERED BANK, Defendant.**

No. 13 Civ. 4754(VM).

United States District Court, S.D. New York.

Sept. 10, 2013.

Joel M. Miller, Kerrin Teneyck Klein, S. Christopher Provenzano, Miller & Wrubel, P.C., New York, NY, for Plaintiff.

James Peter Duffy, IV, Richard Francis Hans, Jr., DLA Piper U.S. LLP, New York, NY, for Defendant.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Plaintiff VIP Engineering and Marketing Limited ("VIP") filed this action in New York State Supreme Court. It alleges that defendant Standard Chartered Bank ("Standard Chartered") has fraudulently and falsely claimed VIP's interest in a Tanzanian company, Independent Power Tanzania Limited ("IPTL"). Standard Chartered removed the suit to this Court. (Dkt. No. 1) and moved to compel arbitration and to stay or dismiss this action (Dkt. No. 2). Upon review of the complaint and other papers filed in the action, the Court dismisses this case on forum non conveniens grounds.[1]

VIP's allegations arise entirely from events conducted in the Republic of Tanzania. According to VIP's complaint, VIP is incorporated under Tanzanian law and IPTL is incorporated in and does business in the Republic of Tanzania. VIP also acknowledges that Standard Chartered is incorporated under the laws of the United Kingdom. VIP's suit asserts that Standard Chartered has illegally claimed ownership of VIP's shares in IPTL. The focus of the parties' dispute is whether VIP relinquished its 30 percent interest in IPTL as collateral for a loan, now owned by a Standard Chartered subsidiary, made to IPTL.

■ It appears that all facts relevant to this case occurred in the Republic of Tanzania, that all documents relevant to VIP's claim were executed in the Republic of Tanzania, and that the necessary parties and witnesses are located there. The only alleged connection this case has to New York is that Standard Chartered conducts some of its business in this state. But VIP does not allege that Standard Chartered's New York connections are relevant to this lawsuit. *See Payne v. Jumeirah Hospitality & Leisure (USA) Inc.*, 808 F.Supp.2d 604, 605 (S.D.N.Y.2011) (dismissing complaint on forum non conveniens grounds where there was "no material connection of [the] action to this Court"). Moreover, the parties are currently involved in litigation in the Republic of Tanzania in a dispute arising from transactions between them related to the facts of this case.

While the plaintiff's choice of forum is normally entitled to substantial deference, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), such deference applies with less force here because plaintiff VIP is a foreign corporation. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir.2001). Under these circumstances, the Court finds that "considerations of convenience, fairness, and judicial economy" warrant dismissal on forum non conveniens grounds. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007).

■ Under the forum non conveniens doctrine, the Court "assesses the appropriateness of litigating the action in the plaintiff's choice of forum, as opposed to the alternative venue, by balancing the private interests of the litigants and the public interest concerns of the court." *Turedi v. Coca Cola Co.*, 460 F.Supp.2d 507, 521 (S.D.N.Y.2006), *aff'd*, 343 Fed.Appx. 623

---

1. Standard Chartered's motion alleged forum non conveniens and other grounds. The Court held a telephone conference with the parties on August 5, 2013, at which it informed them of its intent to dismiss the case sua sponte on forum non conveniens grounds.

(2d Cir.2009); *see also Gilbert*, 330 U.S. at 508–09, 67 S.Ct. 839 (outlining relevant public and private interest factors). The private interests in this case, including access to relevant documents and witnesses, suggest that the Republic of Tanzania is the proper forum for this action. *See Piper Aircraft*, 454 U.S. at 257, 102 S.Ct. 252; *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839. Public interests also weigh in favor of trying this action in the Republic of Tanzania. All of the operative facts occurred in the Republic of Tanzania, and both VIP and IPTL are based in the Republic of Tanzania. *See Piper Aircraft*, 454 U.S. at 260, 102 S.Ct. 252 ("[T]here is 'a local interest in having localized controversies decided at home.'" (quoting *Gilbert*, 330 U.S. at 509, 67 S.Ct. 839)).

 In short, the Court finds that the Republic of Tanzania is an available and adequate forum for VIP's suit and that "in the interest of justice and all other relevant concerns the action would best be brought in" the Republic of Tanzania. *Turedi*, 460 F.Supp.2d at 521.[2]

### ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Clerk of Court is directed to dismiss the complaint of plaintiff VIP Engineering and Marketing Ltd. ("VIP") in this action on forum non conveniens grounds; and it is further

**ORDERED** that within ten days of the date of this Order defendant Standard Chartered Bank shall submit to the Court a statement containing its agreement to consent to the jurisdiction of the appropriate court of the Republic of Tanzania for litigation of this matter, to accept service of process if sued by VIP in the Republic of Tanzania in connection with this action and not assert any defense based on statute of limitations grounds that would not apply to bar the litigation if it were to proceed in this Court, and to comply with any final judgment rendered by the courts of the Republic of Tanzania with competent jurisdiction over the parties and the subject matter of this dispute.

The Clerk of the Court is directed to terminate any—pending motions and close the case.

**SO ORDERED.**

---

**2.** The forum non conveniens doctrine permits the Court to dismiss this action without finding that it has subject matter jurisdiction. *Sinochem*, 549 U.S. at 432, 127 S.Ct. 1184.

The Court therefore does not reach this issue or any of the other issues the parties have raised, including consideration of whether it should remand the case to state court.