Barbara STROUGO, et al., Plaintiffs,

v.

BARCLAYS PLC, et al., Defendants.

14 Civ. 5797(VM)

United States District Court,
S.D. New York.

Signed July 5, 2016

---

Jeremy Alan Lieberman, Tamar Aliza Weinrib, Emma Gilmore, Pomerantz LLP, New York, NY, Patrick Vincent Dahlstrom, Pomerantz LLP, Chicago, IL, for Plaintiffs.

Andrew Hunter Reynard, Jeffrey T. Scott, John Joseph Hughes, III, Matthew Alexander Schwartz, Stephanie Szaro Heglund, Sullivan & Cromwell, LLP, New York, NY, Brent James McIntosh, Sullivan & Cromwell LLP, Washington, DC, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge

On June 15, 2016, the Court of Appeals for the Second Circuit ("Second Circuit") granted the petition pursuant to Rule 23(f) of the Federal Rules of Civil Procedure ("Rule 23(f) Petition") filed by Barclays PLC, Barclays Capital Inc., Robert Diamond, Antony Jenkins, and William White (collectively, "Defendants") for leave to appeal the order of the Honorable Shira Scheindlin dated February 2, 2016 ("February 2 Order," Dkt. No. 78) granting the

motion of plaintiffs Mohit Sahni and Joseph Waggoner, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), for class certification.[1] (Dkt. No. 86.)

By letter dated June 20, 2016, Defendants requested a pre-motion conference regarding their contemplated motion to stay the action due to the Second Circuit's granting of its 23(f) Petition ("June 20 Letter"). (Dkt. No. 88.) Defendants put forth several arguments in favor of a stay: (1) whether the action proceeds as an individual or class action will have a significant effect on the way the parties litigate because the individual plaintiffs are seeking minimal damages; (2) although the 23(f) Petition relates only to class certification, if the Second Circuit decides in Defendants' favor, Defendants will be entitled to summary judgment on Plaintiffs' individual claims because Plaintiffs admit they did not actually rely on the alleged misrepresentations; and (3) any delay in the litigation will be short as the Second Circuit has ordered an expedited appeal. (Id. at 1-2.)

In analyzing the four factors courts consider when determining whether a stay is appropriate, Defendants contend: (1) there is a high likelihood of success because the Second Circuit does not typically grant Rule 23(f) petitions if it considers the underlying order to be correctly decided; (2) Defendants face irreparable injury if a stay is not granted due to unnecessary and costly litigation; (3) there is no harm to Plaintiffs as discovery is almost complete, and any harm is outweighed by the harm to Defendants; and (4) the public's interest in judicial efficiency weighs in favor of granting a stay. (Id. at 2-3.)

Plaintiffs responded to the Defendants' June 20 Letter by letter dated June 21, 2016 ("June 21 Letter"). (Dkt. No. 89.)

Plaintiffs argue that Defendants cannot make a showing that their appeal will succeed on the merits because: (1) the granting of the Rule 23(f) Petition does not necessarily indicate that the Second Circuit will grant Defendants' appeal as that would obviate the need for an appeal process following the granting of a Rule 23(f) petition and (2) the February 2 Order certifying the class followed extensive briefing as well as an evidentiary hearing in which the parties and Judge Scheindlin questioned the parties' market efficiency experts. (Id. at 1.)

In considering whether there was irreparable injury to the Defendants, Plaintiffs contend: (1) there is no need for a stay as the litigation will continue even if it is on an individual basis; (2) Judge Scheindlin correctly applied the presumption of reliance; and (3) even if the Second Circuit grants Defendants' appeal, Defendants' expert could not conclude that Barclays' American Depository Shares traded in an inefficient market. (Id. at 2-3.)

Finally, with respect to the harm Plaintiffs will face and the public interest, Plaintiffs assert: (1) expedited briefing does not guarantee an expedited ruling, and a stay in the litigation will result in a delay of Plaintiffs recouping the losses they sustained and (2) the public interest is best served by allowing Plaintiffs to have their day in court, especially if the litigation will proceed on an individual basis regardless of the Second Circuit's decision on the appeal. (Id. at 3.)

The Court construes the correspondence described above as a motion by Defendants to stay the action pending the Second Circuit's review of Judge Scheindlin's February 2 Order ("Motion"). For the rea-

---

1. This action was reassigned to this Court on April 7, 2016. (See Dkt. Entry for Apr. 7, 2016.)

sons discussed below, Defendants' Motion is DENIED.

## I. LEGAL STANDARD

The Supreme Court has made clear that because a "stay is an intrusion into the ordinary processes of administration and judicial review," it "not a matter of right[;]" rather, it is an "exercise of judicial discretion." Nken v. Holder, 556 U.S. 418, 427, 433, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (internal quotation marks omitted); see also Maldonado–Padilla v. Holder, 651 F.3d 325, 327 (2d Cir.2011).

The four factors courts consider when determining whether to grant a stay are: " '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " U.S. S.E.C. v. Citigroup Glob. Markets Inc., 673 F.3d 158, 162 (2d Cir.2012); see also In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir.2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)); In re Elec. Books Antitrust Litig., No. 11 MD 2293, 2014 WL 1641699, at *4 (S.D.N.Y. Apr. 24, 2014). Courts have treated these factors "like a sliding scale," such that "more of one excuses less of the other." Duka v. U.S. S.E.C., No. 15 Civ. 357, 2015 WL 5547463, at *5 (S.D.N.Y. Sept. 17, 2015)(internal quotation marks omitted); see also Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir.2006) ("We have treated these criteria somewhat like a sliding scale, citing approvingly other circuits' formulation that '[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors' and explaining that '[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other.' "). However, "the movant cannot prevail by showing a mere possibility of success or of harm." Sutherland v. Ernst & Young LLP, 856 F.Supp.2d 638, 641 (S.D.N.Y.2012) (citing Nken, 556 U.S. at 434, 129 S.Ct. 1749).

## II. DISCUSSION

Since the first two factors—likelihood of success on the merits and irreparable injury—are the most critical, the Court will address those first. See Nken, 556 U.S. at 434, 129 S.Ct. 1749 ("The first two factors of the traditional standard are the most critical."); Sutherland, 856 F.Supp.2d at 641 ("The first two questions—addressing likely success and irreparable harm to the movant—are the most salient concerns.").

## A. LIKELIHOOD OF SUCCESS ON THE MERITS

First, demonstrating likelihood of success on the merits "requires 'more than a mere possibility of relief.' " In re Elec. Books Antitrust Litig., 2014 WL 1641699, at *7 (quoting Nken, 556 U.S. at 434, 129 S.Ct. 1749). Defendants fail to demonstrate more than a "mere possibility" that they will succeed on the merits. In the June 20 Letter, Defendants state that "[i]n granting Defendants' Rule 23(f) petition, the Second Circuit has, to a certain extent, 'already weighed in on the substantiality' of the strength of Defendants' arguments" because "the Second Circuit does not usually grant Rule 23(f) petitions if it considers the underlying order to have been correctly decided." (Dkt. No. 88 at 2-3.) However, Defendants fail to address the merits of their appeal regarding class certification. Rather, they read the Second Circuit's granting of their petition as an assessment of the merits and speculate that it signals a likelihood of success. Upon

review, the Court is persuaded that the granting of the Rule 23(f) Petition does not necessarily indicate that the Second Circuit will reverse the February 2 Order. Because Defendants have failed to analyze the merits of their appeal, the Court finds that Defendants have failed to establish a likelihood of success.

## B. IRREPARABLE INJURY TO DEFENDANTS

■ To establish irreparable injury, Defendants have the burden of showing " 'injury that is not remote or speculative but actual and imminent.' " In re Elec. Books Antitrust Litig., 2014 WL 1641699, at *4 (internal citations omitted). Furthermore, they must demonstrate that the injury " 'cannot be remedied' absent a stay" and "for which a monetary award cannot be adequate compensation." Id.

Defendants argue they will be "irreparably harmed through unnecessary and costly litigation[.]" [2] (Dkt. No. 88 at 3.) It is well-established by courts in the Second Circuit, however, that the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury. See, e.g., Glatt v. Fox Searchlight Pictures Inc., No. 11 Civ. 6784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17,2013) ("A stay is inappropriate here because the only 'irreparable harm' identified by Defendants is the cost of continuing to litigate this action. However, it is well established that 'litigation costs do not rise to the level of irreparable injury.' "); L–7 Designs, Inc. v. Old Navy, LLC, 964 F.Supp.2d 299, 320 (S.D.N.Y.2013). Furthermore, Plaintiffs have represented that they intend to continue this action even on an individual basis. (See Dkt. No. 89 at 2.) In consequence, Defendants will be faced with litigation expenses regardless of the Second Circuit's class certification decision. The Court therefore finds that Defendants have failed to demonstrate irreparable injury warranting a stay.

## C. HARM TO PLAINTIFFS

Because " 'the first two factors—the movant's likelihood of success on appeal and prospect of suffering irreparable harm—are the most critical [and] movants have failed to make the required showing on these two prongs, little more needs to be said as to the second two, which ask whether a stay is likely irreparably to harm [Plaintiff] and whether a stay is in the public interest.' " Duka v. U.S. S.E.C., 2015 WL 5547463, at *7. Therefore, the Court will address these two factors in brief order.

First, the harm to Plaintiffs is a neutral factor in this action. Some courts have held that a delay in final resolution of the claim is not prejudicial as it can be remedied with pre-judgment interest. See, e.g., Sutherland, 856 F.Supp.2d at 643 ("[T]he only harm to her from a stay is delay in achieving a final resolution of her claim, and that harm may be fully remedied by an award of pre-judgment interest.").

Alternatively, other courts have held that plaintiffs have a strong interest in being fully compensated for their losses as soon as possible, and therefore, a stay is not appropriate. See, e.g., In re Elec. Books Antitrust Litig., 2014 WL 1641699, at *12 ("Delaying the trial would also delay any recovery due plaintiffs, should they prevail.... [C]lass members have a strong interest in being fully compensated for any losses they have suffered."). As a corollary, courts have also cited litigation expense as an additional harm associated with delay, especially for those plaintiffs who may face

2. Defendants cite district courts in Nevada and California but fail to cite any courts in the Second Circuit that have found litigation expense to be sufficient to demonstrate irreparable injury. (See Dkt. No. 88 at 3.)

a financial hardship. See, e.g., Medien Patent Verwaltung AG v. Warner Bros. Entm't Inc., No. 10 Civ. 4119, 2014 WL 1169575, at *2 (S.D.N.Y. Mar. 21, 2014) (In discussing whether a damages trial should go forward, the court held: "In addition to the axiom that 'justice delayed is justice denied,' it is a practical reality that the longer litigation lasts, the more expensive it will be. Allowing Deluxe to drag this case out even further by staying the damages trial will impose even more financial hardship on MPV for a longer period of time.").

In this case, while Plaintiffs have a strong interest in resolving this matter and recovering their losses as soon as possible, they may be able to obtain prejudgment interest to offset the delay. Furthermore, Plaintiffs do not mention the harm of increased litigation expense in their June 21 Letter, and there is no indication that they face a financial hardship. Therefore, the Court finds that the harm to Plaintiffs is a neutral factor in this analysis.

## D. PUBLIC INTEREST

As an initial matter, the Court agrees with Defendants that there is a public interest in resolving matters quickly. See, In re Elec. Books Antitrust Litig., 2014 WL 1641699, at *12 ("Likewise, the public interest favors a speedy trial and resolution of this matter."), However, this argument for judicial efficiency would apply to every motion to stay pending an appeal if the court assumes that the appeal will necessarily result in a reversal. See, e.g., Medien Patent Verwaltung AG v. Warner Bros. Entm't Inc., 2014 WL 1169575, at *3 ("Apparently unwilling to acknowledge that there might be even one factor that does not weigh in its favor, Deluxe argues that the public interest favors a stay because conducting the damages trial now 'would be a waste of judicial resources, and therefore tax dollars.' ... Of course, this argument applies to every motion to stay pending appeal if one assumes, as Deluxe does, that the appeal will result in reversal. Not surprisingly, Deluxe fails to cite any cases that adopt this rationale. In truth, the Court's interest lies in concluding this matter and getting it off my docket. This is not the type of case that implicates the public interest, so this factor should be treated as neutral."); see also Glatt, 2013 WL 5405696, at *4 ("Moreover, a stay would not be in the public interest. Defendants argue a stay would free up this Court's resources, but that is true of every case. And it would do so at the expense of delaying Plaintiffs' rights to pursue this action."). Therefore, contrary to Defendants' assertions, it is not necessarily a waste of time and resources if the Court declines to assume that the February 2 Order will be reversed on appeal.

Moreover, judicial economy is not promoted if the issue on appeal will not be dispositive of the entire case. See, e.g., Sutherland, 856 F.Supp.2d at 644 ("First, considerations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary.") (internal citations omitted).

In the instant action, there is an interest in resolving matters quickly, and the Plaintiffs contend they will continue the litigation even on an individual basis. (See Dkt. No. 89 at 3.) Accordingly, the pending appeal of the class certification order will not be dispositive. Furthermore, there is no guarantee that the appeal will result in a reversal, weakening Defendants' argument that judicial efficiency would favor a stay. Therefore, at best this factor is neutral.

In conclusion, this Court finds that Defendants have failed to demonstrate that a stay of further litigation is warranted in this action.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 88) of defendants Barclays PLC, Barclays Capital Inc., Robert Diamond, Antony Jenkins, and William White (collectively, "Defendants") to stay this action pending the Court of Appeals for the Second Circuit's review of the order dated February 2, 2016 issued by the Honorable Shira Scheindlin (Dkt. No. 78) is **DENIED.**

**SO ORDERED.**